UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

NOV 1 6 2020

| | |
|---|---|
| UNDER SEAL,<br><br>   *Plaintiff*,<br><br>v.<br><br>UNDER SEAL,<br><br>   *Defendant.* | Civil Action No. 1:20-cv-1344 |

## NON-CONFIDENTIAL
## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
## FOR LEAVE TO FILE UNDER SEAL AND TO SEAL CASE

Pursuant to Rules 5(C) and (F) of the Local Civil Rules for the United States District Court for the Eastern District of Virginia, Plaintiff UNDER SEAL ("Plaintiff") submits this non-confidential memorandum in support of his motion for leave to file his Verified Complaint and all exhibits thereto ("Verified Complaint"), and Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Incorporated Memorandum of Law ("TRO Motion"), and this Motion to File Under Seal and to Seal ("Sealing Motion") (collectively the "Filings"), under seal, and to seal the case.[1]

I.   **FACTUAL BACKGROUND**

Plaintiff's Verified Complaint seeks to enjoin Defendant from disseminating information that is the subject of a confidential agreement to which Plaintiff is a party, and other related confidential information (collectively the "Confidential Information"). (Verified Compl., ¶ 1). Sealing the Filings and the case is necessary to preserve the secrecy of the Confidential

---

[1] Plaintiff seeks to have the following documents filed under seal: Verified Complaint and its exhibits, which are declarations thereto in support; TRO Motion; and Sealing Motion.

Information. Another alternative procedure, such as redacting the documents sought to be filed under seal, will not suffice under the circumstances – preserving the confidentiality of the Confidential Information and confidential agreement is the object of the action, and all allegations, motions, exhibits and testimony are inextricably intertwined with Confidential Information that the action seeks to protect. Therefore, preservation of this confidentiality will protect all signatories to the confidential agreement and all persons who are the subject of the Confidential Information.

## II. LEGAL STANDARD FOR SEALING THE FILINGS AND THE CASE

The First Amendment right of public access applies to sealing motions for injunctive relief. *See RLI Ins. Co. v. Nexus Servs., Inc.*, No. 5:18-CV-00066, 2018 WL 10602398, at *1 (W.D. Va. Oct. 30, 2018). Rebutting the qualified First Amendment presumption of access requires "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter. Co. v. Superior Court of California, Riverside Cty.*, 464 U.S. 501, 502 (1984). Additionally, "[b]ecause the First Amendment standards afford greater substantive protection to the public's right to access, satisfying the First Amendment standards also necessarily satisfies the relevant common law standards." *Adams v. Object Innovation, Inc.*, No. 3:11-CV-272 (REP/DWD), 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011) (citing *Ashcraft v. Conoco. Inc.*, 218 F.3d 288, 302 (4th Cir. 2000)).

Before the court may seal, it must provide public notice of the request to seal, consider less drastic alternatives, and provide specific reasons and factual findings to support its decision (the "*Ashcraft* factors"). *Ashcraft*, 218 F.3d at 302. Countervailing interests in protecting the

Confidential Information, as required by the confidential agreement that is the object of this case, heavily outweigh the public interests in access.

### III. ARGUMENT

#### A. The Public's Right Of Access Is Outweighed By Countervailing Higher Values.

The Fourth Circuit has recognized that it is appropriate for a district court to exercise its discretion to seal "if the public's right of access is outweighed by competing interests." *Knight*, 743 F.2d at 235; *see Ashcraft*, 218 F.3d at 302 (quoting *Knight*, 743 F.2d at 235). Courts in the Fourth Circuit have identified several "competing interests" which plainly justify granting the Sealing Motion. These may include unwarranted media attention for the purpose of promoting public scandal, the existence of confidentiality provisions in private agreements, actual evidence of professional or reputational harm, and – importantly – protecting the interests of innocent third parties. Each of these considerations exists here and rebuts the First Amendment presumption. *See, e.g., Under Seal v. Under Seal*, 326 F.3d 479, 485–86 (4th Cir. 2003) (sealing appropriate where "(1) where disclosure may be used to gratify private spite or promote public scandal, (2) where disclosed records may serve as reservoirs of libelous statements for press consumption, or (3) where disclosure might reveal trade secrets"); *Malon v. Franklin Fin. Corp.*, No. 3:14CV671 (HEH-RCY), 2014 WL 12768782, at *3 (E.D. Va. Dec. 4, 2014) (granting motion to seal sensitive business documents which were subject to "strict confidentiality agreement"); *Lifenet Health v. Lifecell Corp.*, No. 2:13CV486, 2015 WL 12517430, at *4 (E.D. Va. Feb. 12, 2015) (finding that a confidentiality provision in a prior agreement implicated the type of private interest that may override the First Amendment presumption); *Level 3 Comm's LLC v. Limelight Networks. Inc.*, 611 F. Supp. 2d 572, 581 (E.D. Va. 2009) (analyzing privacy interests of third parties against qualified First Amendment right to access).

3

### B. The Court Should Seal The Entire Case.

This Court should also seal the entire proceeding. Public notice of this lawsuit will undermine public confidence in the enforceability of confidential agreements between private parties. This Court has, in numerous cases, recognized it is appropriate for a district court, in its discretion, to seal the entire case. This is true, so long as the district court gives notice, weighs the competing interests for each portion of the record to be sealed, and determines there are no less restrictive alternatives to sealing. *Under Seal v. Under Seal*, 230 F.3d 1354 (4th Cir. 2000); *accord, e.g., Tustin v. Motorists Mut. Ins. Co.*, 668 F. Supp. 2d 755, 760 (N.D.W. Va. 2009). Indeed, since the object of the action is to prevent disclosure of the Confidential Information, sealing the entire record is necessary here because the Confidential Information is so intertwined with all court filings and exhibits thereto that an alternative procedure to sealing – such as redaction – "would gut the documents substantially and render them useless to the public." *E. W., LLC v. Rahman*, No. 1:11CV1380 JCC/TCB, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012) (granting motion to seal).

### IV. CONCLUSION

For the foregoing reasons and those set forth in further detail in Plaintiff's confidential memorandum, Plaintiff prays this Court for leave to file his Filings and the Sealing Motion under seal and for the entry of an order sealing the entire case.

Respectfully submitted this 13th day of November, 2020.

/s/ Cathy A. Hinger
Cathy A. Hinger (VSB No. 46293)
Lela M. Ames (VSB No. 75932)
WOMBLE BOND DICKINSON (US) LLP
1200 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
Telephone: 202-857-4489
Facsimile: 202-261-0029
Email: cathy.hinger@wbd-us.com
Email: lela.ames@wbd-us.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify this 13th day of November, 2020, that I caused a true copy of the foregoing Non-Confidential Memorandum in Support of Plaintiff's Motion to File Under Seal and to Seal Case to be delivered to counsel of record for UNDER SEAL Defendant via E-Mail and addressed as follows:

Thomas G. Connolly
tconnolly@hwglaw.com

Thomas B. Mason
tmason@hwglaw.com

Jared Paul Marx
jmarx@hwglaw.com


                          /s/ Cathy A. Hinger
                          Cathy A. Hinger, Esq.